## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CONNOR MASON,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil No. 1:16-cv-01299-RP |
| REGIONS BANK and<br>RONALD THOMAS ASHBY d/b/a<br>STATEWIDE RECOVERY SOLUTIONS,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

## REGIONS BANK'S MOTION TO COMPEL ARBITRATION

Regions Bank submits this Motion to Compel Arbitration and respectfully shows the Court the following:[1]

## I.
## INTRODUCTION

This suit arises from financing that Regions provided for Mason to buy a vehicle. After Mason failed to make payments when due under the agreement, Regions repossessed and sold the vehicle. The sale complied with Texas law and the agreement's terms. Mason brought this suit, alleging violations of various statutes governing the sale of repossessed consumer goods. Mason chose a federal forum for his allegations despite the clear arbitration clause in the parties' agreement—and the explicit language instructing that questions of arbitrability must be submitted to arbitration. According to the strong federal policy favoring arbitration and the parties' agreement, Mason's claims against Regions are subject to arbitration.

---

[1] Please note that Regions Bank filed a Motion for Withdrawal and Substitution of Counsel on June 28, 2017 (ECF No. 15).

## II.
### FACTUAL BACKGROUND

**A.     Mason and Regions' Agreement Includes an Arbitration Clause**

Mason executed a Motor Vehicle Retail Installment Sales Contract (the "Contract") with Clay Cooley Nissan of Austin South on August 20, 2015, to buy a 2012 Fiat 500I.[2] Cooley Nissan assigned the Contract and security interest in the vehicle to Regions.[3] The Contract contains an arbitration clause:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase, or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.[4]

The arbitration clause also included a warning to "PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS" at the top of the provision.[5] The clause further cautioned Mason that any dispute may be decided by arbitration, and that discovery and rights to appeal are generally more limited in arbitration than in a lawsuit.[6] Mason's agreement to arbitrate was voluntary.

**B.     Mason Filed This Lawsuit**

On December 11, 2016, Mason filed suit against Regions and Ronald Ashby. Mason bases his claims against Regions on the Texas Business & Commerce Code, Texas Finance Code, and the Texas Motor Vehicle Installment Sales Act. These claims purportedly arise from Regions' repossession of the vehicle after Mason committed payment default—Mason alleges that Regions promised not to

---

[2] *See* Motor Vehicle Retail Installment Sales Contract, attached as Ex. A.

[3] *See id.*

[4] *Id.* at p. 2.

[5] *Id.*

[6] *Id.*

repossess the vehicle if Mason made certain agreed upon payments. Mason also claims Regions failed to mail a notice of sale to Mason, and failed to issue Mason notice of personal property contained in the repossessed vehicle.

Although Mason's claims against Regions fall within the arbitration clause of the Contract he voluntarily executed, Mason has not tried to resolve his dispute with Regions through arbitration. However, Mason cannot circumvent his contractual obligations in this manner—Regions respectfully asks the Court to enforce the parties' agreement, compel arbitration, and stay the pending litigation.

### III.
### ARGUMENT & AUTHORITIES

**A.    Federal Policy Strongly Encourages Arbitration**

The Federal Arbitration Act ("FAA") provides:

> "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[7]

The Supreme Court has held that the FAA considers arbitration agreements on an equal footing with other contracts, and requires courts to enforce arbitration agreements according to their terms.[8] The FAA embodies a federal policy favoring arbitration, and any doubts regarding an arbitration clause's applicability must be resolved in favor of arbitration.[9] The FAA leaves no room for courts to exercise discretion.[10]

---

[7] 9 U.S.C. § 2.

[8] *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) ("The FAA thereby places arbitration agreements on an equal footing with other contracts [ ] and requires courts to enforce them according to their terms.") (internal citations omitted).

[9] *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002) ("The FAA expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration.") (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)).

[10] *Dismuke v. McClinton Energy Grp., L. L. C.*, No. MO:16-CV-00023-RAJ, 2016 WL 7497592, at *2 (W.D. Tex. May 10, 2016), reconsideration denied, No. MO:16-CV-00023-RAJ, 2016 WL 7626587 (W.D. Tex. June 2, 2016), and *aff'd sub nom. Dismuke v. McClinton*, 670 F. App'x 210 (5th Cir. 2016) ("A court must order the parties to arbitrate issues covered by a

### B.     Mason Agreed to Arbitrate the Initial Question of Arbitrability

Although the court typically determines whether a claim is subject to arbitration, parties may agree to arbitrate the initial question of a claim's arbitrability by including a delegation clause in their agreement.[11] Issues of arbitrability must be decided by an arbitrator if "(1) the parties clearly and unmistakably intended to delegate the power to decide arbitrability to an arbitrator and (2) the assertion of arbitrability is not wholly groundless."[12]

#### 1.     A valid delegation clause exists.

A delegation clause is an agreement to arbitrate gateway questions of arbitrability—these agreements are enforceable if the parties' intentions are clear and unmistakable.[13] In the Contract, Mason and Regions agreed to submit "[a]ny claim or dispute . . . (including the interpretation and scope of this Arbitration Clause, *and the arbitrability of the claim or dispute*)" to arbitration.[14] This language unequivocally establishes the parties' intention to submit claims to gateway arbitration.

#### 2.     The assertion of arbitrability is not wholly groundless.

A motion to compel arbitration should be granted in almost all cases where a delegation clause exists.[15] Such motions should only be denied in exceptional cases—which occur if the argument for arbitration is wholly groundless.[16] The Fifth Circuit has emphasized that this inquiry is "not a license

---

valid arbitration agreement, and the FAA 'leaves no place' for the court to exercise discretion.") (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

[11] *Hobzek v. HomeAway.com, Inc.*, No. A-16-CA-1058-SS, 2017 WL 476748, at *2 (W.D. Tex. Feb. 3, 2017) (citing *Douglas v. Regions Bank*, 757 F.3d 460, 462 (5th Cir. 2014)).

[12] *Douglas v. Regions Bank*, 757 F.3d 460, 463−64 (5th Cir. 2014) (adopting the Federal Circuit's test in *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006)).

[13] *Id.* at 462 ("Parties may agree to arbitrate whether a particular claim is subject to arbitration so long as they clearly and unmistakably do so in their agreement.") (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

[14] Ex. A, p. 2 (emphasis added).

[15] *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016) ("If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases.").

[16] *Id.* at fn 1 ("We have carved out a narrow exception to the Rent–A–Center rule: Where the argument for arbitration is 'wholly groundless,' we refuse to enforce a delegation clause. Such cases are exceptional, and the rule in *Douglas* is not a

for the court to prejudge arbitrability disputes more properly left to the arbitrator . . . [s]o long as there is a 'plausible' argument that the arbitration agreement requires the merits of the claim to be arbitrated, a delegation clause is effective[ ]."[17]

Mason's claims against Regions fall squarely within the scope of the Contract's arbitration clause. The Contract unambiguously requires arbitration of "[a]ny claim or dispute, whether in contract, tort, statute or otherwise, [ ] between you and us . . . which arises out of or relates to your credit application, purchase, or condition of this vehicle, this contract or any resulting transaction or relationship[ ]."[18] The dispute between Mason and Regions arose after Mason committed payment default under the Contract and Regions repossessed the vehicle. The Contract contains provisions relating to repossession, Regions' right to demand payment in full, and disposition of the vehicle—all of which are relevant to Mason's allegations against Regions.

In fact, Mason directly references the Contract in his complaint, alleging that by the repossession and later notice, defendants "breached the terms of the retail installment sales contract."[19] Under the Contract's terms, Mason's claims against Regions are indisputably subject to arbitration.

## IV.
## CONCLUSION

For these reasons, Regions respectfully asks this Court to grant its motion to compel arbitration and stay the pending litigation against Regions. Regions also asks for any other relief to which it may justly be entitled.

---

license for the court to prejudge arbitrability disputes more properly left to the arbitrator pursuant to a valid delegation clause.").

[17] *Id.* (citing *Agere Sys., Inc. v. Samsung Elecs. Co.*, 560 F.3d 337, 340 (5th Cir. 2009)).

[18] Ex. A, p. 2.

[19] Complaint, ¶ 27 (ECF No. 1).

Respectfully submitted,

**JOHNSTON PRATT PLLC**

By: /s/ Amelia Coates
    **Kenneth C. Johnston**
    Texas Bar No. 00792608
    kjohnston@johnstonpratt.com
    **Amelia Coates**
    Texas Bar No. 24097512
    acoates@johnstonpratt.com

1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 (telephone)
(972) 474-1750 (telecopier)

**Attorneys for Defendant,**
**Regions Bank**

### Certificate of Conference

I certify that I conferenced via telephone with Alec Trueblood, counsel for Plaintiff Connor Mason, and he conveyed Plaintiff is opposed to the relief sought within this motion. An agreement could not be reached because we were unable to agree on an arbitration organization.

    /s/ Amelia Coates
    Amelia Coates

### Certificate of Service

I certify that my office served a true and correct copy of the foregoing document on all parties or counsel of record via electronic service on June 28, 2017.

    /s/ Amelia Coates
    Amelia Coates