IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CONNOR MASON, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 1:16-CV-1299-RP | |
| § | | |
| REGIONS BANK and RONALD THOMAS § | | |
| ASHBY, *d/b/a* STATEWIDE RECOVERY § | | |
| SOLUTIONS, § | | |
| § | | |
| Defendants. § | | |

## ORDER

Before the Court is Defendant Regions Bank's Motion to Compel Arbitration. (Dkt. 16). For the reasons that follow, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff purchased a personal automobile from a dealership in Austin, Texas. The retail installment sales contract that Plaintiff signed gave the dealership a security interest in the vehicle. It also included an arbitration clause providing that "[a]ny claim or dispute . . . which arises out of or relates to [Plaintiff's] credit application, purchase or condition of th[e] vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election be resolved by neutral, binding arbitration . . . ." (Sales Contract, Dkt. 16-1, at 3). The contract also stated that the dealership "may transfer th[e] contract to another person" and that the transferee "will then have all [the dealer's] rights, privileges, and remedies." (*Id.* at 2).

The dealership assigned the contract to Defendant Regions Bank ("Regions"). It appears that Plaintiff later fell behind in his payments, which led to his making payment arrangements with Regions. According to Plaintiff, Regions promised not to repossess his vehicle if he followed

through with the agreed payments. Plaintiff alleges that he fulfilled their agreement, but that Regions repossessed the vehicle anyway.

Plaintiff alleges that Regions issued a notice of sale of Plaintiff's vehicle, but mailed it to the wrong address. Plaintiff also asserts that Regions wrongfully failed to inform him that Plaintiff's personal property had been left in the vehicle or how and when he could collect it. Plaintiff asserts a variety of state and federal claims against both Regions and Defendant Ronald Thomas Ashby, who collected Plaintiff's vehicle pursuant to Regions' repossession order.

Regions now moves to compel arbitration pursuant to the sales contract.

## LEGAL STANDARD

"The Federal Arbitration Act ("FAA") provides that pre-dispute arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (quoting 9 U.S.C. § 2). The FAA's purpose is "to reverse the longstanding judicial hostility to arbitration agreement . . . and to place arbitration agreements on the same footing as other contracts." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000). The FAA permits an aggrieved party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. When considering a motion to compel arbitration, the Court must determine whether the parties agreed to arbitrate the dispute in question.[1] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). This determination involves two considerations: (1) whether a valid agreement to arbitrate exists between the parties, and (2) whether the dispute at issue falls within the scope of that agreement. *Id.* If,

---

[1] Courts also consider whether a federal statute or policy renders claims addressed by an arbitration agreement to be nonarbitrable. *Primerica Life. Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). Because Plaintiff has not suggested that any federal law would preclude the arbitration of his claims, and the Court has not identified any that do, the Court will not further consider the issue.

however, "the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

While there is a strong federal policy favoring arbitration, this policy "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations omitted). Instead, courts apply ordinary state contract law principles to the question of whether the parties formed a valid agreement to arbitrate. *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). The policy favoring arbitration does, however, apply to the determination of whether a particular dispute falls within the scope of an arbitration agreement. *Jones v. Halliburton Co.*, 583 F.3d 228, 242 (5th Cir. 2009).

## DISCUSSION

The present dispute relates to the sales contract and thus appears to fall within the scope of the arbitration agreement. However, Plaintiff opposes Regions' motion to compel arbitration on three grounds. First, he argues that the contract produced by Regions cannot be considered because it is unauthenticated and constitutes hearsay. Second, Plaintiff asserts that Regions, as a non-signatory to the contract, lacks standing to enforce the arbitration agreement. Finally, Plaintiff argues that the arbitration agreement is unconscionable because it gives Regions unilateral veto power over the selection of the arbitrator. The Court finds each argument unconvincing.

First, the Court may properly consider the sales contract. Regions provided an affidavit from its custodian of records adequately authenticating the contract. (Dkt. 23). Additionally, "[a] contract is not hearsay because it has independent legal significance." *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 386 (S.D. Tex. 2011) (citing *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994)). Plaintiff's objection to the consideration of the contract is therefore overruled.

Next, Regions has standing to enforce the arbitration agreement. The right to invoke the arbitration agreement was initially enjoyed by Plaintiff and the automobile dealership, but Plaintiff acknowledges that the sales contract was assigned to Regions. (Compl. ¶ 1, Dkt. 1). The contract Plaintiff signed provided that an assignee would receive all rights, privileges, and remedies in the contract. (Dkt. 16-1, at 3). And indeed, under Texas law, an assignee stands in the shoes of the assignor. *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 921 (Tex. 2010). As assignee, therefore, Regions may invoke the dealership's right to compel arbitration.

Finally, Plaintiff's argument that the arbitration agreement is unconscionable rests on a misreading of the contract. The relevant provision reads: "Arbitration shall be conducted by the American Arbitration Association . . . or any other organization that you choose subject to our approval . . . ." (Sales Contract, Dkt. 16-1, at 3). Plaintiff insists that the phrase "subject to our approval" confers upon Regions a non-reciprocal veto power over the selection of an arbitrator and forces Plaintiff to arbitrate before the American Arbitration Association ("AAA"). This argument conflates the selection of an arbitrator with the selection of an arbitral forum. The arbitration agreement provides that the *arbitrator* will be chosen in accordance with the rules of the arbitral forum.[2] As to the *arbitral forum*, the agreement states that arbitration "shall be conducted by the [AAA]," but provides Plaintiff the option of suggesting an alternative forum subject to Regions' approval. (*Id.*). Thus, the parties merely agreed that AAA would be the default arbitral forum unless the parties, by mutual agreement, selected a different one.

---

[2] The AAA's Consumer Arbitration Rules provide that the AAA will appoint a neutral arbitrator from among its roster if the parties have failed to agree on a selection. Consumer Arbitration Rules, R-16(a), *available at https://adr.org/sites/default/files/Consumer%20Rules.pdf*. Plaintiff argues that this Court can and should appoint an arbitrator under 9 U.S.C. § 206. That statute, however, concerns arbitration that is international in character and is inapplicable to this wholly domestic agreement. *See* 9 U.S.C. § 202. The applicable statute, 9 U.S.C. § 5, provides that the method for appointing an arbitrator set out in the parties' agreement "shall be followed."

Though not entirely clear, Plaintiff appears to suggest the clause providing for arbitration before the AAA is independently unconscionable because, except in narrow circumstances, the scope of discovery is left to the discretion of the arbitrator. However, as other courts including the Fifth Circuit have held, these restrictions on discovery, which apply equally to Regions, do not rise to the level of unconscionability. *See Alamo Moving & Storage One Corp. v. Mayflower Transit*, 46 F. App'x 731 (5th Cir. 2002) (per curiam) (finding "nothing oppressive or unreasonable" about arbitration agreement wherein both parties' access to discovery was within discretion of arbitrators); *Bates v. Laminack*, Civ. No. 2:12-CV-387, 2014 WL 3749771 at *6–7 (S.D. Tex. July 29, 2014) (rejecting argument that arbitration agreement is unconscionable because AAA rules limit scope of discovery).

Having addressed each of Plaintiff's arguments, the Court finds that Regions' motion should be granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Compel Arbitration. (Dkt. 16). Plaintiff's claims against Regions are hereby **STAYED** pending arbitration. Plaintiff and Regions are directed to jointly file quarterly status reports detailing the status of the arbitration proceedings, with the first report being due on or before October 20, 2017.

This order does not affect Plaintiff's claims against Defendant Ronald Thomas Ashby, which remain pending before the Court.

**SIGNED** on July 18, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE