IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CONNOR MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16-CV-1299-RP |
| | § | |
| REGIONS BANK and RONALD THOMAS ASHBY, *d/b/a Statewide Recovery Solutions*, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant Regions Bank's ("Regions") Motion to Stay, (Dkt. 27), and Plaintiff Connor Mason's ("Mason") response. For the reasons that follow, the Court finds that the motion should be denied.

In this repossession case, Mason asserts claims separately against Regions—which repossessed Mason's car—and Ronald Thomas Ashby ("Ashby"), who Regions hired to tow Mason's car away. (Compl., Dkt. 1). Earlier in this case, Regions asked the Court to compel arbitration between Mason and Regions and to stay Mason's claims against Regions until the arbitration concludes. (Mot. Compel, Dkt. 16, at 5). The Court granted Regions' motion and stayed Mason's claims against Regions. (Order, Dkt. 26, at 5). The arbitration's final hearing is set for March 19, 2018. (Mot. Stay, Dkt. 27, at 3).

In the meantime, Mason's claims against Ashby are still live. Discovery closed on December 8, 2017, dispositive motions are due by February 9, 2017, and trial is set for June 11, 2018. (Sched. Order, Dkt. 14). Regions now asks the Court to stay Mason's claims against Ashby—who is not a party to the arbitration—until the arbitration's final hearing takes place. (Mot. Stay, Dkt. 27, at 7).

Precipitating Regions' motion to stay are two deposition subpoenas issued at Mason's request, one to Regions and another to Bell & Williams, the vendor that subcontracted with Ashby

to tow Mason's car. (*Id.* at 3). Mason initially withdrew the subpoena issued to Regions, but not the Bell & Williams subpoena, which pertains to a deposition scheduled for February 2, 2018. (*Id.*). Mason informs the Court that he was unaware the discovery deadline had closed when he requested the Bell & Williams subpoena; he has since withdrawn that subpoena, as well. (Resp. Mot. Stay, Dkt. 29, at 5, 8).

Because Ashby is not a party to the arbitration, the Court's discretion to stay Mason's claims against Ashby is constrained. The Court can only stay the claims against Ashby by (a) extending Section 3 of the Federal Arbitration Act ("Section 3") to Ashby, *see Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016); or (b) exercising the Court's inherent power to control its docket, which the Fifth Circuit has circumscribed in these circumstances, *see Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

To extend Section 3 to a non-party to the arbitration, the movant must show that: "(1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are inherently inseparable; and (3) the litigation has a critical impact on the arbitration." *Rainier DSC 1*, 828 F.3d at 360 (citation and quotation marks omitted). Contending that all three factors weigh in favor of granting the stay, (Mot. Stay, Dkt. 27, at 6), Regions emphasizes that discovery in this action will be duplicative of the arbitration discovery and "will eliminate the potential cost-savings and efficiency benefits of arbitration." (*Id.* at 6–7). The Court disagrees.

First, Regions' argument is contradictory. Regions notes that the arbitrator has prohibited depositions and formal discovery, (*id.* at 2), and argues that its right to a meaningful arbitration hinges on limiting the "huge cost" of discovery, (*id.* at 7). It makes little sense, then, for Regions to argue that discovery in this action would be duplicative; arbitration discovery saves Regions money precisely because it is *not* duplicative of the discovery permitted under the Federal Rules of Civil Procedure.

More importantly, Regions' argument lacks a factual basis. Regions argues that the key consideration in granting the requested stay is preserving its "right to a meaningful arbitration," which depends on limiting its discovery costs. (*Id.* at 7 (citing *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004))). Discovery in this case is closed. All that remains for Ashby's claims are dispositive motions, pretrial filings, and a trial scheduled well after the final hearing. Staying the claims against Ashby would not spare Regions any discovery costs. Its argument about preserving its right to meaningful arbitration is therefore unfounded.

As for using the Court's discretionary authority to control its docket, the Fifth Circuit has stated that "the moving party bears a heavy burden to show why a stay should be granted" against a non-party to arbitration and that "a court should tailor its stay so as not to prejudice other litigants unduly." *Coastal*, 761 F.2d at 203 n.6. Here, because discovery is closed, it is unclear what burden, if any, would be placed on Regions if Mason's claims against Ashby were not stayed. Meanwhile, Mason strenuously opposes the stay, citing his desire to maintain the current trial date. (Resp. Mot. Stay, Dkt. 29, at 7–8). Regions has not met its heavy burden to justify its requested stay. For these reasons, the Court **DENIES** Regions' Motion to Stay. (Dkt. 27).

**SIGNED** on January 30, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE